UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:   Matthew R. Beyea,            )
                                      )        Chapter 13
         Debtor                       )        Case No. 15-20772
                                      )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPINION**

On November 12, 2015 the debtor, Matthew Beyea filed a Motion to Extend the Automatic Stay pursuant to 11 U.S.C. §362(c)(3)(B) (the "Motion"). Creditors Melissa Whall and Ditech Financial, LLC filed timely objections to the motion alleging the Debtor's bad faith as defined by 11 U.S.C. §362(c)(3)(C). Docket entries ("DE") 16 and 18. The court held a trial on the Motion on November 23, 2015 at which the parties presented evidence and examined the Debtor and Ms. Whall.

11 U.S.C. §362(c)(3) provides:

"if a single or joint case is filed by or against a debtor who is an individual in a case under chapter […] 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed […];

(A) The stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]"

This case has been filed within one year of the dismissal of the Debtor's previous chapter 13 case. *See* Bankruptcy Case 14-20843. Therefore, in order for the protections of the automatic stay to apply to the Debtor, he is required to show by motion and presentation

of evidence that "the filing of [the present case] is in good faith as to the creditors to be stayed". Subsection (c)(3)(C) states that the later case is filed presumptively "not in good faith" under a list of conditions, but that a debtor may rebut that presumption by clear and convincing evidence to the contrary. Based on the pleadings and the testimony presented at trial, I find that the debtor did not meet his burden to rebut that presumption under any of the scenarios enumerated by Congress in the Code. First, based on the schedules as filed in the case before me now and the schedules filed in the Debtor's previous chapter 13 case, there is no net improvement of the Debtor's financial situation to indicate a new plan will be fully performed. Secondly, I find that the debtor's testimony about potential additional income or a possible sale of his home to his brother is speculative, and is not clear and convincing evidence of good faith. Therefore, the Motion is denied.

A separate order shall enter.

Dated: December 14, 2015                    /s/ Peter G. Cary
                                            Hon. Peter G. Cary
                                            Judge, U.S. Bankruptcy Court
                                            District of Maine